## 11707

## CLEMENT-HARRINGTON LUMBER CO. v. DUNCAN

### (126 S. E., 753)

1. APPEAL AND ERROR—EXCEPTIONS ON QUESTIONS OF FACT NOT IN ACCORDANCE WITH COURT RULES WILL BE OVERRULED.—Exceptions on questions of fact will be overruled where not in accordance with the rules of the Court.

2. SALES—BUYER WHO HAD NOT ACQUIRED TITLE COULD NOT ON SELLER'S REFUSAL TO DELIVER BRING SUIT FOR CLAIM AND DELIVERY.—Buyer of lumber under contract making price "due and payable on sight draft for each car loaded at" designated place, and providing that

"title is vested in purchaser * * * subject to the completion of the terms of their contract," could not, on seller's refusal to deliver, bring suit for claim and delivery, but could merely sue for breach of contract and assert equitable lien, not having acquired title.

Before MAULDIN, J., Newberry, April, 1924.   Reversed and remanded.

Action by the Clement-Harrington Lumber Company against John T. Duncan.   Judgment for plaintiff and defendant appeals.

Plaintiff and defendant had entered into a contract for the purchase by the plaintiff of lumber.   Defendant claimed that certain lumber was not covered by the contract and refused to deliver, whereupon plaintiff brought this suit on claim and delivery.

*Messrs E. J. Green* and *John T. Duncan,* for appellant, cite: *Property not subject to action of claim and delivery:* Tender—Code of Civ. Prov. (470), Sec. 2, Subdv. 1; 111 S. C., 217. *As to particular description of property:* 68 S. C., 96; 75 S. C., 229; Enc. Pl. & Pr. Vol. 18, 497, 514; 7 Nev. 315. *Replevin:* 7 Cal., 586; 11 Cal., 262; 46 Me., 408; 23 Mich., 242.

*Mr. B. V. Chapman* for respondent.

March 1, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is a suit on claim and delivery which resulted in a verdict in favor of the plaintiff.   The cause was heard by Judge Mauldin and a jury in May, 1925.

The appellant has eleven exceptions; 3, 4, 5, 6, 9, 10, and 11 are overruled, as these are no questions of fact, and are not in accordance with the rules of Court.

Exception 2 is:

"Because the property was not subject to claim and delivery, as Clement never obtained ownership by

performance of the terms of purchase as provided in the contract nor was tende made."

Unless ownership of the property was in the plaintiff, a suit for claim and delivery would not lie, and plaintiff's remedy would be for breach of contract and to assert its equitable lien.

The contract is not clear as to what the parties intended. The purchase price was $18 per thousand feet, less 2 per cent, and "is due and payable on sight draft for each car as loaded at Jalapa. The title is vested in the purchaser, Clement-Harrington Lumber Company, subject to the completion of the terms of their contract," etc.

We do not think under the terms of the contract that the title was vested in the respondent so that claim and delivery would lie, and this exception is sustained and judgment reversed.

MESSRS. JUSTICES FRASER and MARION, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.